IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kyle M. Govindasamy,<br><br>    Petitioner,<br><br>v.<br><br>Jason Gunther,<br><br>    Respondent. | No. CV-25-00039-PHX-JJT<br><br>**ORDER** |

    Before the Court is the Report and Recommendation (Doc. 19, "R&R") submitted by United States Magistrate Judge Eileen S. Willett concluding that the Court should deny Mr. Govindasamy's Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody (Doc. 1, "Petition"). Mr. Govindasamy timely filed an Objection to the R&R (Doc. 20), and the Court now analyzes both submissions.

    The R&R presents two independent bases upon which it urges the Court to deny the Petition; the first of these is that Mr. Govindasamy failed to exhaust the administrative remedies available to him before filing his Petition in this matter. In his Objection, Petitioner does not dispute this assertion but argues that "litigants are not required to exhaust administrative remedies" when to do so would be futile. (Doc. 20 at 2-3.) And that's right. But Petitioner has not even begun to demonstrate that invoking the administrative process would be futile in this matter. As Judge Willett correctly observed, following the administrative process would give the Bureau of Prisons the opportunity to utilize its expertise in addressing Petitioner's grievance here and correct its own mistake if

indeed a mistake was made. (R&R at 5.) Moreover, invoking the process would promote judicial efficiency, whereas excusing the failure and allowing Petitioner to skip directly to district court habeas review would encourage among others the deliberate bypass of a thoughtful process constructed for just the purpose outlined above. The Court finds unpersuasive Petitioner's argument that the process is futile because the Bureau would "undoubtedly enforce its own regulation." (Doc. 20 at 7.) This misses the point, particularly when it is not at all evident that the regulation is incorrectly interpreted by the Bureau. The Bureau is entitled to an opportunity to address any mistakes and shall have that opportunity. The Court will overrule the Objection and, on that basis, deny the Petition without prejudice. Having so decided, it does not reach the R&R's second basis for denial.

**IT IS ORDERED** overruling the Objection (Doc. 20) and adopting the R&R (Doc. 19).

**IT IS FURTHER ORDERED** denying the Petition (Doc. 1) without prejudice. The Clerk of Court must enter judgment accordingly and terminate this matter.

**IT IS FURTHER ORDERED** denying a certificate of appealability and leave to proceed in forma pauperis on appeal. Dismissal of the Petition is justified by a plain procedural bar in this matter; reasonable jurists would not find the ruling debatable.

Dated this 13th day of November, 2025.

Honorable John J. Tuchi
United States District Judge